**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL DOCKET** |
| **VERSUS** | **NO. 09-373** |
| **EARL JOHNSON** | **SECTION "K"** |

## ORDER AND OPINION

Before the Court is the "Motion Seeking Retroactive Application of the Fair Sentencing Act of 2010" filed on behalf of defendant Earl Johnson (Doc. 222).  Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

On November 6, 2009, a federal grand jury indicted Earl Johnson  on one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base and cocaine hydrochloride as well as a quantity of heroin and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), (C), and (D)  all in violation of 21 U.S.C. § 846.  The grand jury also indicted Earl Johnson on  one count of possession with intent to distribute  five  grams  or  more  of  cocaine  base and a quantify of cocaine hydrochloride and marijuana  in  violation  of  21 U.S.C. § 841(a)(1), 841(b)(1)(B), (C), (D), and 18 U.S.C. §2, as well as  one count of using a communication facility, to wit: a telephone, in committing, causing or facilitating the commission of a violation of 21 U.S.C.  §846, to wit: the conspiracy to possess with intent to distribute cocaine base, cocaine hydrochloride, heroin, and marijuana, in violation of 21 U.S.C. 843(b).  Thereafter, the government filed a superseding bill of information to establish that defendant had a prior felony  state conviction for distribution of cocaine.  (Doc. 38).

On May 12, 2010, Earl Johnson  pleaded guilty to the count of the indictment charging possession with intent to distribute   five  grams  or  more  of  cocaine  base and a quantity of cocaine hydrochloride and marijuana and to the  count charging  using a communication facility in committing, causing or facilitating the commission of the conspiracy to possess with intent to distribute cocaine base, cocaine hydrochloride, heroin, and marijuana.  Additionally, defendant admitted his  prior felony drug conviction which allows  that prior conviction to be used to enhance his sentence pursuant to 21 U.S.C. § 841(b)(1)(B) and §851.

 Based on defendant's admission that at least 5 grams of cocaine base was involved in his conviction for possession with intent to distribute cocaine base, cocaine hydrochloride, and marijuana, § 841(b)(1)(B), as written at the time committed that  offense,  provided for a mandatory minimum term of imprisonment of 5 years and a maximum term of imprisonment of forty (40) years on that count.   Additionally,   defendant's prior felony drug conviction  triggered a sentencing enhancement that mandated a minimum  term of imprisonment of ten (10) years and a maximum term of life imprisonment on each count.

After the grand jury indicted defendant, but prior to the time he pleaded guilty, Congress passed, and the President signed, the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) (herein after "FSA").[1]  The FSA raised the threshold amount of  cocaine base necessary to activate  a mandatory minimum term of  imprisonment under §841(b)(1)(B) from 5 grams of a mixture containing cocaine base to 28 grams of such a mixture.   Thus, if the FSA applies retroactively  no mandatory minimum term of imprisonment will apply to Mr. Johnson,  and he will

---

[1] The President signed the FSA on August 3, 2010.

2

face a lesser maximum term of imprisonment.[2]

## LAW AND ANALYSIS

The issue to be determined is whether the FSA applies to a defendant who committed an offense prior to the FSA's enactment but who will be sentenced after its enactment. The FSA does not contain any express provision addressing whether it applies retroactively to a defendant who committed a covered offense prior to its enactment. The general federal Savings Statute provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty . . . unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty[.]

1 U.S.C. §109. It is well established that the Savings Statute applies not only to the repeal of a criminal statute but also to the amendment of a criminal statute. *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010); *United States v. Jacobs*, 919 F.2d 10, 11-13 (3rd Cir. 1990).

The Fifth Circuit Court of Appeals has not yet addressed whether the FSA applies retroactively to a defendant who committed an offense prior to its enactment. However, without exception, other courts of appeal have concluded that the FSA does not apply to criminal conduct which occurred before the enactment of the FSA. *United States v. Reed*, No. 10-6049, 2010 WL 5176818, at *4 (10th Cir. December 22, 2010; *United States v. Reevey*, No. 10-1812, 2010 WL 5078239, at *3-4 (3rd Cir. December 14, 2010); *United States v. Wilson*, No. 10-4160, 2010 WL 4561381, at **2 (4th Cir. November 12, 2010); *United States v. Hall*, No. 09-10216, 2010 WL 4561363, at *3 (9th Cir. November 10, 2010); *United  States v. Glover*, No. 09-1725, 2010 WL

---

[2] Under the provisions of the FSA, the maximum sentence for a § 841(a)(1) offense involving less than 28 grams of cocaine base is twenty (20) years; with an enhancement under §851, the maximum sentence would be thirty (30) years.

4250060, at *2 (2nd Cir. October 27, 2010);  *United States v. Bell*, No. 09-3908, 2010 WL 4103700, at *10 (7th Cir. October 20, 2010); *United States v. Brown*, No. 10-1791, 2010 WL 3958760,  at *1 (8th Cir. October 12, 2010); *United States v. Gomes*, No. 10-11225, 2010 WL 3810872, at *2 (11th Cir. October 1, 2010); *United States v. Carradine*, No. 08-3220, 2010 WL 3619799, at *12-13 (6th Cir. September 20, 2010).  In each of cited cases, except *United States v. Hall*, the appellate panel concluded that the FSA did  not apply retroactively and grounded that conclusion  on the Savings Statute and the fact that the FSA contained no provision for retroactivity.[3]  That reasoning is compelling.

Congress had knowledge of the provisions of the Savings Statute and knew that the Savings Statute  applied not only to repeals of statutes but also to amendments to criminal statutes. Moreover,  Congress knew how to ensure retroactive application of the Act and yet failed to include such language in the FSA.  Defendant cites the act's legislative history of as well as the United States Sentencing Commission's "well documented long standing criticism of the harsh federal crack cocaine laws" in contending that "Congress expected and intended for its newly enacted legislation the *FSA* to be applied to all pending cases as soon as possible."  Doc. 221-1, p. 4. Considering  Congress's knowledge of the Savings Statute and the failure of Congress to expressly provide for retroactivity of the FSA, defendant's contention is not persuasive.  The Fair Sentencing Act does not apply retroactively to a criminal conduct that occurred before its  enactment. Accordingly,

---

[3] In *United States v. Hall*, No. 09-10216, 2010 WL 4561363, at *3 (9th Cir. November 10, 2010), the panel simply stated that "the new legislation is not retroactive."

defendant's motion is DENIED.

New Orleans, Louisiana, this 4th  day of January, 2011.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE