# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-0373 |
| EARL JOHNSON | SECTION "K" |

## ORDER AND OPINION

Before the Court is federal prisoner Earl Johnson's letter, dated January 10, 2012.[1] The Court construes Johnson's letter as a motion to award prior custody credit against his federal sentence. Having reviewed the pleadings, memoranda, and relevant law, it is clear that the movant is not entitled to relief. Accordingly, the motion is DENIED.

### I. BACKGROUND

In May 2009, state law enforcement officials arrested Earl Johnson on drug charges. Although the state nolle prossed its charges against Johnson in November 2009, the U.S. Attorney's Office adopted the case and charged him with two violations of the Federal Controlled Substances Act. Johnson subsequently pleaded guilty to the federal charges, and in January 2011, this Court sentenced him to a 120–month term of imprisonment as to Count Seven and a 96–month term of imprisonment as to Count Twelve. The Court ordered the two federal sentences to run concurrently. Johnson is currently in federal custody.

### II. LAW AND ANALYSIS

Issues regarding prior custody credit are governed by 18 U.S.C. § 3585. Under §3585(b),

---

[1] The letter is attached hereto as Ex. 1.

1

a prisoner may receive credit against his federal prison term for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). However, only the Attorney General, through the Bureau of Prisons (BOP), may compute a prisoner's credits. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (citing *United States v. Wilson*, 503 U.S. 329, 334–35, 112 S.Ct. 1351 (1992)). Until the BOP makes a final determination with respect to the prisoner's credits, there is no case or controversy ripe for judicial review. *Id*. Therefore, Johnson must exhaust his administrative remedies before challenging his prior custody credits in federal court.

## III.   CONCLUSION

For the foregoing reasons, petitioner's motion is DENIED.

New Orleans, Louisiana, this 21st day of March, 2012

                                                                STANWOOD R. DUVAL, JR.
                                                                UNITED STATES DISTRICT JUDGE